# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 13-793V
Filed: April 28, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| VIVIAN MORALES RIVERA, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

<u>Manuel Rivera</u>, Manuel Rivera Esquire & Associates, Arlington, VA, for petitioner.
<u>Ann D. Martin</u>, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 11, 2013, Vivian Morales Rivera ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving an influenza ("flu") vaccination on October 21, 2010, she suffered encephalomyelitis. Petition at 3. On July 28, 2015, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. The undersigned issued a Decision pursuant to the parties' stipulation on July 29, 2015.

On April 5, 2016, petitioner filed an application for attorneys' fees and costs, stating that petitioner incurred $98,406.00 in attorneys' fees and $13,325.38 in attorneys' costs, for a total of $111,731.38 in fees and costs. See Pet'r's App. at 1. However, "in an effort to resolve the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

matter with the minimum possible litigation, attorney Rivera agrees to reduce his entire attorney's fees and litigation cost from $111,731.38 to $65,000.00 for attorney's fees and $13,325.38[3] for litigation cost." Id. at 6. Accordingly, petitioner requests a total award of $78,325.38 for attorneys' fees and costs. Id. Petitioner notes that counsel did not bill for preparing, negotiating, researching, or litigating attorneys' fees. Id. at 3, 6. Respondent filed a response to petitioner's application on April 15, 2016, stating that she "submits to the special master's sound discretion the determination of a reasonable fee award in this case." Resp's Response at 1.

## I.   Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioner was awarded compensation pursuant to a stipulation between the parties. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).

### a.   Reasonable Hours Expended

Petitioner requests compensation for 162.48 hours expended by Mr. Manuel Rivera, and 56.20 hours expended by Mr. Rafael Paonessa. Pet'r's Ex. 55 at 15, 23. On review of

---

[3] Petitioner's application states that the amount of costs requested is $13,32**8**.38, but the itemized list of litigation expenses totals $13,325.38. See Pet'r's App. at 6; Pet'r's Ex. 63.

petitioner's billing record, the undersigned finds the number of hours expended reasonable. Petitioner's fee application includes an adequate log of the hours and dates of services performed on this case, and the names of the person providing the services. See generally, id. **The undersigned will award attorneys' fees for 162.48 hours of work performed by Mr. Rivera and 56.20 hours of work performed by Mr. Paonessa.**

### b.  Reasonable Hourly Rates

Petitioner's request for $65,000.00 in attorneys' fees is not based on discernable hourly rates, as the request represents a reduced total based on discussions with respondent.  However, the undersigned notes that Mr. Rivera and Mr. Paonessa both originally billed at $450 per hour. Pet'r's Ex. 55 at 15, 23.

The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  McCulloch found the range of $350 to $425 per hour appropriate for attorneys with more than 20 years of experience, and $300 to $375 per hour appropriate for attorneys with 11 to 19 years of experience.  McCulloch, 2015 WL 5634323, at *19.  The higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases.  Id.

Rates of $450 per hour would not be within the ranges set forth in McCulloch based on Mr. Rivera and Mr. Paonessa's years of experience.[4]  However, the reduced request for a total of $65,000.00, representing compensation for 162.48 hours of work performed by Mr. Rivera and 56.20 hours of work performed by Mr. Paonessa is reasonable.  In fact, when divided by the total number of hours, the requested $65,000.00 would bring counsel's rates below the low end of McCulloch rates based on their years of experience.  **Accordingly, as requested, the undersigned will award $65,000.00 in attorneys' fees.**

### c.  Costs

Petitioner requests $13,325.38 in attorneys' costs.  Pet'r's App. at 6.  Petitioner included an itemized list of litigation expenses and receipts with her fee application, which support a total of $13,325.38 in costs.  See Pet'r's Exs. 56-63.  In accordance with General Order #9,

---

[4] Mr. Rivera has been admitted to practice law since 1986, and therefore has approximately 30 years of legal experience.  Pet'r's Ex. 65 at ¶ 1.  However, he is new to the Vaccine Program.  Petitioner's application states that Mr. Rivera "has only done vaccine cases during the last few years," and from a search of CM/ECF, it appears that Mr. Rivera is the attorney of record in two vaccine cases.  Pet'r's App. at 2.  Mr. Rivera obtained a settlement for petitioner in this case, and the other case is still pending.  Mr. Paonessa has been admitted to practice law since January 25, 2000, and therefore has slightly over 16 years of legal experience.  Pet'r's Ex. 64 at ¶ 1.  Petitioner has not indicated the extent of Mr. Paonessa's experience in vaccine cases.  It appears Mr. Paonessa also worked with Mr. Rivera on his other vaccine case.

petitioner's counsel submitted statements signed by petitioner and counsel, which state "[t]he total expense of this litigation was $13,325.38, of which counsel for petitioner advanced the amount of $2,250.38 out of his pocket and the petitioner advanced $650.00 out of her pocket. There is a remaining outstanding balance of $11,075.00." Pet'r's Exs. 68, 69. The calculation of the outstanding balance appears to be in error, as $650.00 in petitioner's costs, plus $2,250.38 in attorneys' costs, plus $11,075.00 in outstanding costs would equal total costs of $13,975.38, rather than $13,325.28. The receipts submitted by petitioner total $13,325.38 in costs, which matches the amount requested in petitioner's application and the overall amount stated in petitioner and counsel's sworn statements. See Pet'r's Exs. 56-62, 68, 69. The undersigned finds the requested costs, which include costs for court filing, a translator, expert services, and travel expenses for visiting the client, reasonable. **Accordingly, the undersigned awards $650.00 in petitioner's costs and $12,675.38 in attorneys' costs, for a total of $13,325.38 in costs.**

## II.  Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned awards reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| **Attorneys' Fees Awarded:** | **$65,000.00** |
| **Costs Awarded:**<br>Petitioner's Costs:  $650.00<br>Attorneys' Costs:  $12,675.38 | **$13,325.38** |
| **Total Fees & Costs Awarded:** | **$78,325.38** |

**Accordingly, the court awards:**

(1) **A lump sum of $77,675.38 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Manuel Rivera, for attorneys' fees and costs.**

(2) **A lump sum of $650.00 in the form of a check payable to petitioner, for petitioner's costs.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master